THE PRESIDENT and TRUSTEES of the Village of ROMEO *vs.* CHAPMAN.

*Section 31, Chapter 41, R. S., p.* 188, *provides that all penalties and forfeitures imposed by that Chapter, " when incurred for any acts done in any incorporated city or village, may be recovered by suit brought in the corporate name -of the city or village," &c. And Sec. 1 of the act incorporating the village of Romeo, (Sess. L.* 1837 & '8, *p.* 87,) *after describing the territorial limits of the village, provides that the same shall thereafter be known by the name or title of The Village of Romeo; and the fifth section provides that "the president, recorder, and trustees of said village shall be a body corporate and politic, with perpetual succession, to be known and distinguished by the name of The President and Trustees of the Village of Romeo, and that they might sue and be sued, defend and be defended," &c. Held, that an action brought by the Village, to recover a penalty under said Chapter* 41, *should be in the name of the Village of Romeo, and not of the President and Trustees of the Village.*

Error to Macomb Circuit Court.

This was an action brought by the plaintiffs in error, to recover of the defendant in error a penalty, under Chapter 41, R. S., for selling spirituous liquor contrary to law. The only question in the cause was, whether the action was properly brought in the name of the plaintiffs in error.

*Terry & Fraser,* for plaintiffs in error.

*R. P. Eldredge,* for defendant in error.

By the Court, GREEN, J.

The only question involved in this case is whether the action was properly brought in the name of the plaintiffs in the Court below, or whether it should have been brought in the name of "The Village of Romeo;" or in other words, what is the corporate name of said village within the meaning and intent of section 31, chapter 41 of the Revised Statutes. That section provides that "all penalties and forfeitures imposed or prescribed in or by this chapter, may be recovered in an action of debt, and when prosecuted for by a supervisor, shall be so prosecuted in the name of such supervisor, for the use of the township where said act or acts shall have been violated; and such penalties and forfeitures, when incurred for any acts done in any incorporated city or village, may be recovered by suit brought *in the corporate name of*

*the city or village* in which the act was done whereby such penalty or forfeiture was incurred."

The preceding section is as follows: · "It shall be the duty of the supervisor of each township, and the *corporate authorities of each city and village,* to prosecute for all violations of the provisions of this chapter coming to his or their knowledge, or when complaint of any such violation shall be made by any legally qualified voter; and for every refusal or neglect of any such supervisor or *corporate authorities* so to prosecute he or they shall forfeit and pay the sum of twenty-five dollars."

There can be no question under these provisions of the statute, but that the corporate *authorities* of the village of Romeo are the proper persons to bring suit, and it is not denied that the plaintiffs in this suit are such corporate authorities.   But it is contended that their corporate name is not the corporate name of the village.   This must be determined by the act of incorporation, (Laws of 1837–'8, page 87.)   Section 1 of that act provides "that all that part or tract of land embraced within the following limits, to wit: (describing it) be and the same is hereby constituted a town corporate, and shall hereafter be known by the name and title of 'The Village of Romeo.'"   The act then provides for the election of a president, recorder, and six trustees of the village. The 5th section enacts that "the president, recorder, and trustees of said village shall be a body corporate and politic, with perpetual succession, to be known and distinguished by the name of "The President and Trustees of the Village of Romeo," and may have a common seal, which they may alter at pleasure, may sue and be sued, defend and be defended, in any Court of competent jurisdiction."   The name by which the president, recorder, and trustees are incorporated by the 5th section, does not import that it is the name of a village; but that it is a name by which the village may be represented, and through which certain powers may be exercised in behalf of the village.   They are not invested with *all* the powers of the town corporate, which is created by the first section.   By section 9, the electors of said village, in legal meeting assembled, are empowered to lay taxes on all real and personal estate within the limits of said corporation, not exceeding one-half of one per centum upon said real estate in any one year; and to regulate and improve the

lanes and alleys, and to determine the width of the side walks; none of which powers are conferred upon the president and trustees.

It is not questioned but what it was competent for the Legislature to authorize suits to be brought for any violation of the license laws in such name as they thought proper. But it is said that the tract of land described in the 1st section of the act to incorporate the village of Romeo, and which is therein declared to be a town corporate by the name of "The Village of Romeo," cannot sue; that it embraces only the territory within the prescribed limits, with the houses, brick, mortar, &c., of which the buildings thereon are composed. Admitting this to be so, does it advance the argument, while the power of the Legislature is conceded? I apprehend not. It appears to me, however, that while the name of the town corporate is descriptive of a certain territory, it also embraces the persons who constitute its inhabitants. By the 3 Hen., 7, Chap. 1, it was enacted that when a murderer should escape untaken in a town, in the day time, the town should be amerced; and by 1 Rich. 2, Chapter 3, towns were made amenable to the King for felon's goods, which might be seized by them. Neither the houses, nor the brick and mortar of which they were composed, could arrest a murderer, or seize the goods of a felon, yet by these statutes, the towns were made responsible.

Again: it is said that a corporation cannot have two names. That is a sound general proposition, but does not affect the question presented by this case. Townships, which are bodies corporate, may sue in the names of such townships, (*R. S., ch.* 16, § 7; *ch.* 119 § 2,) and for the recovery of penalties for violation of the license laws, supervisors may prosecute in their own names, for the use of their townships, (*ch.* 41, § 31.)

There is but little uniformity in the acts incorporating towns and villages in this State, and it was said upon the argument that several villages were incorporated without any other name than that by which the principal officers were incorporated, and the act to incorporate the village of St. Mary was referred to as one of that character. (*Laws of* 1849, *p.* 336.) By the first section of that act, all the *citizens of this State*, inhabitants of and included within certain limits therein prescribed, are constituted a body corporate, by the name of "The

President, Trustees and *Citizens* of the village of St. Mary." But by the 5th section of the act to incorporate the village of Romeo, only the president, recorder and trustees are incorporated, and the citizens are not included, so that, if the citizens are corporators under the last mentioned act, they are so by virtue of the first section. It would seem most consistent then, that when a suit is prosecuted for the benefit of the citizens of a town, it should be prosecuted by the name by which such citizens are known in their corporate capacity, rather than in the name of a corporate body which as such, has no interest in the matter.

In the case of Smith, plaintiff in error, *vs.* The Village of Adrian, defendant in error, decided at the last October term of this Court, it was held that the suit was properly brought in the name of the village, instead of being brought in the name of "The Common Council of the village of Adrian." The act under which the question arose in that case, is similar in its provisions, so far as this question is concerned, to the one under consideration, (*Laws of* 1841, *p.* 66,) and though it was not much discussed in that case, I see no reason to depart from the decision then made. The act expressly prescribes what shall be the name of the village, and by that name alone can the corporate authorities sue under the provisions of chapter 41, section 31 of the Revised Statutes.

The judgment of the Circuit Court must be affirmed, with costs to the defendant in error.

Judgment affirmed.